Jay L. Kessler (8550)
KESSLER LAW OFFICE, L.L.C.
Attorney for Richard Elliott and Magna Times, LLC
9087 West 2700 South
Suite 9
Magna, Utah 84044
Telephone: (801) 252-1400
Facsimile: (801) 252-1401
jaylkessler@yahoo.com

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

_____

| | |
|---|---|
| KEITH F. BELL, PHD,<br>    Plaintiff,<br>v.<br><br>MAGNA TIMES LLC, RICHARD ELLIOTT,<br>EMILY GOULD, MAGNA TIMES,<br>    Defendants. | CASE No. 2:18-cv-00497-DPB |

_____

MOTION TO DISMISS

    COME NOW the Defendants, Richard Elliott and Magna Times, LLC by and through counsel undersigned, and submits this Motion to Dismiss this lawsuit. A Memorandum in Support of this Motion is filed concurrently.

    DATED this 29th day of November, 2018.

                                          s/s Jay L. Kessler_____
                                          Jay L. Kessler, Esq.

## CERTIFICATE OF DELIVERY

I hereby certify that on this 29th day of November, 2018, I sent via electronically a true and correct copy of the foregoing Motion to Dismiss to the following:

Julianne P. Blanch, Esq.
Grace S. Pusavat, Esq.
Parsons Behle & Latimer
JBlanch@parsonsbehle.com
GPusuvat@parsonsbehele.com

C. Ashley Callahan, Esq.
Acallahan@callahanlawoffices.com
Sent electronically

Joshua G. Jones, Esq.
jjones@jgjoneslaw.com
Sent electronically

                                            s/s Jay L. Kessler
                                            Jay L. Kessler

Jay L. Kessler (8550)
KESSLER LAW OFFICE, L.L.C.
Attorney for Richard Elliott and Magna Times, LLC
9087 West 2700 South
Suite 9
Magna, Utah 84044
Telephone: (801) 252-1400
Facsimile: (801) 252-1401
jaylkessler@yahoo.com

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

_____

KEITH F. BELL, PHD,
    Plaintiff,
v.

CASE No. 2:18-cv-00497-DPB

MAGNA TIMES LLC, RICHARD ELLIOTT,
EMILY GOULD, MAGNA TIMES,
    Defendants.

_____

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

COME NOW the Defendants, Richard Elliott and Magna Times, LLC by and through counsel undersigned, and submits this Memorandum in Support of Motion to Dismiss this lawsuit and states the following:

**STATEMENT OF FACTS**

As outlined in the Plaintiff's Complaint, the Plaintiff alleges the following causes of action against Defendant Richard Elliott and Magna Times LLC: Copyright Infringement; and Trademark Infringement.

1. The Plaintiff claims that Richard Elliott and Magna Times, LLC copied without authorization original works of the Plaintiff without license, permission, assignment, or attributing the work to the Plaintiff.

2. The works of the Plaintiff used by the Defendants include alleged statements protected under copyright laws.

3. That the Defendants also used words or symbols allegedly protected by the Lantham Act that are also alleged may confuse the public or are otherwise the

sole property of the Plaintiff.

4. That the Plaintiff alleges that the violated copyright law and trademark violations caused him damages and require the court to award attorney's fees in this matter.

## ARGUMENT

1. **THIS MATTER SHOULD BE DISMISSED PURSUANT TO RULE 12(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

   Rule 12(b) (6) clearly states that
   Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
   (6) Failure to state a claim upon which relief may be granted..

The alleged incident as outlined by the Plaintiff against the Defendant occurred in December, 2015. (See Exhibit D of Plaintiff's Amended Complaint).

It is a matter of record in the United States Federal Bankruptcy Court in the Central District of Utah that the Defendant, Richard Elliott filed for Chapter 7 Bankruptcy in April 2017, and was granted a discharge in August 2017. (Bankruptcy Case # 17-23441). As such, the causes of action the Plaintiff has leveled against Mr. Elliott must be dismissed.

   a. **Section 727 of the Federal Bankruptcy Law precludes Plaintiff's causes of action against Richard Elliott.**

Section 727 says in pertinent part, "Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter…"

The alleged debt in this lawsuit arose in December 2015 well before the order of discharge. As such the causes of action in this matter should be summarily dismissed.

   b. **Plaintiff has no evidence that Defendant Richard Elliott "willfully and maliciously" committed copyright or trademark infringement of the Plaintiff's property. -Richard Elliott**

Section 523(a)(6) gives an exception to bankruptcy discharge if the tortfeasor commits "will and malicious injury by the debtor to another entity or to the property of another entity."

This was properly explained in <u>Kawaauhau v. Geiger</u>, 523 U.S. 57 (1998), wherein the United States Supreme Court held that the 523(a)(6) exception to bankruptcy discharge does NOT mean that every willful and malicious act obtains the discharge relief, only the willful and malicious act that was meant to cause the injury to the victim. Otherwise all acts that may be deemed willful and malicious but without intending to cause damage would be improperly subject to the bankruptcy exception.

The <u>Kaeaauhau</u> ruling properly limits the discharge exception to cases involving intentional conduct by the debtor and insures that honest debtors will receive the fresh start to which they are entitled under the bankruptcy code.

**c. The United States Code grants an exception to copyright and trademark infringement-17 USC 107. -Richard Elliott and Magna Times, LLC.**

Sec. 17 USC 107 of the United States Code grants an exception to copyright and trademark violations sometimes referred to as the "Fair Use Doctrine". It states in pertinent part:

Notwithstanding the provisions of sections 106 and 106A, the fair use of a copyrighted work, including such use by reproduction in copies or phonorecords or by any other means specified by that section, for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright. In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include—
(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
(2) the nature of the copyrighted work;
(3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
(4) the effect of the use upon the potential market for or value of the copyrighted work.

In the present case, Mr. Elliott used a quote by a local coach who was quoting Mr. Bell's work on WIN in a local newspaper for reporting purposes only. There was no intent to diminish or otherwise hinder Mr. Bell's protected work. In fact, it is more likely Mr. Bell received more exposure, notoriety, and business from the newspaper report than if it was not reported.

In this matter, although Mr. Elliott published a quote made by a third party (a high school coach) who was quoting the Plaintiff's protected work, there is no evidence that Mr. Elliott intended to cause Mr. Bell's alleged injury, or even if he had any injury. As such, the Plaintiff's complaint fails on it's face for failure to state a claim upon which relief may be granted, and should be dismissed as to Richard Elliott.

DATED this 29th day of November, 2018.

          s/s Jay L. Kessler_____
          Jay L. Kessler, Esq.

## CERTIFICATE OF DELIVERY

I hereby certify that on this 29th day of November, 2018, I sent via electronically a true and correct copy of the foregoing Memorandum in Support of Motion to Dismiss to the following:

Julianne P. Blanch, Esq.
Grace S. Pusavat, Esq.
Parsons Behle & Latimer
JBlanch@parsonsbehle.com
GPusuvat@parsonsbehele.com

C. Ashley Callahan, Esq.
Acallahan@callahanlawoffices.com
Sent electronically

Joshua G. Jones, Esq.
jjones@jgjoneslaw.com
Sent electronically

          s/s Jay L. Kessler_____
          Jay L. Kessler