Julianne P. Blanch, USB #6495
Grace S. Pusavat, USB #15713
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
JBlanch@parsonsbehle.com
GPusavat@parsonsbehle.com
ecf@parsonsbehle.com

C. Ashley Callahan (*pro hac vice*)
**LAW OFFICES OF C. ASHLEY CALLAHAN, P.C.**
The Haehnel Building
1101 East 11th Street
Austin, TX 78702
Telephone: 512.817.3977
Telecopier: 512.287.3127
Acallahan@callahanlawoffices.com

Joshua G. Jones (*pro hac vice*)
**THE LAW OFFICE OF JOSHUA G. JONES**
609 Castle Ridge Road, Ste. 450
Austin, TX 78746
Telephone: 512.552.6123
jjones@jgjoneslaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KEITH F. BELL, PH.D.,<br><br>Plaintiff,<br><br>v.<br><br><br><br>MAGNA TIMES, LLC, RICHARD ELLIOTT, EMILY GOULD, AND THE MAGNA TIMES,<br><br>Defendant. | **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS MAGNA TIMES, LLC AND RICHARD ELLIOTT'S MOTION TO DISMISS**<br><br>Case No. 2:18-cv-00497-DAK-EJF<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Evelyn Furse |

Plaintiff, Keith F. Bell, Ph.D. ("Dr. Bell" or "Plaintiff"), files this Response to the Motion to Dismiss [ECF No. 28] (hereafter, the "Motion") filed by Defendants Magna Times, LLC and Richard Elliott (hereafter, "Defendants").

## INTRODUCTION AND PREFERRED DISPOSITION

Defendants' Motion should be denied and Defendants should be required to answer the Complaint. The Motion should be denied because it utterly fails to meet the requirements for a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants appear to have the mistaken belief that Plaintiff was required to prove his case in his complaint. This demonstrates failure to understand an elementary federal practice concept, and there is no doubt that Plaintiff met the applicable standard for stating a claim. Indeed, it is unclear if Defendants even question whether or not proper claims have been alleged. Defendants also attempt to obtain a summary judgment (improperly termed a motion to dismiss) on the affirmative defense of fair use. Not only is this completely improper at the motion to dismiss stage, Defendants have not even asserted this defense or any others at this point. As explained in greater detail below, the Motion is completely without merit and should be denied.

## BACKGROUND

This case was first filed by Plaintiff on June 20, 2018, and Plaintiff amended his complaint on August 30, 2018 (prior to service or appearance of any defendant). The allegations of Plaintiff are set forth in Plaintiff's First Amended Complaint [ECF No. 12] (hereafter, the "Complaint") and will not be repeated in this response. The entirety of the Complaint is incorporated by reference herein. To summarize, Plaintiff alleges that the Defendants at issue here and others willfully and intentionally infringed copyrights and trademarks owned by Plaintiff. The allegations of willful and intentional infringement are clearly set forth in paragraphs 33, 35, 36, and 43 of the Complaint. *See* Complaint, ECF No. 12, ¶¶ 33, 35, 43. The paragraphs that precede these allegations on intentional infringement contain detailed factual assertions in support of Plaintiff's claims.

## ARGUMENTS AND AUTHORITIES

I. **GENERAL STANDARD FOR MOTION**

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations are accepted as true and viewed in the light most favorable to Plaintiff. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

Very importantly, Plaintiff is not required to prove his case at the pleading stage, and the Court should not examine the merits of claims or weigh evidence when considering the Motion. *Twombly*, 550 U.S. at 556. This rule applies even when an allegation in a complaint "strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.*

In contrast, summary judgment is appropriate when a movant shows there is no genuine dispute as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts may "affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Genuine disputes are those supported by admissible evidence that are sufficient for a reasonable trier of fact to find in favor of the nonmoving party. *Id.* at 247-48. The Court must view all evidence in the light most favorable to the non-movant (Plaintiff, in this case), and is required to draw all reasonable inferences from the evidence in the light most favorable to the nonmoving

3

party (again, Plaintiff in this instance). *See id.* at 255; *Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1258 (10th Cir. 2006).

## II. APPLICATION TO DEFENDANTS' RULE 12(B)(6) MOTION

At least with respect to the intentional copyright and trademark allegations of Plaintiff, it appears that Defendants are attempting a relatively standard motion under Rule 12(b)(6). While the Motion goes outside the pleadings and references a bankruptcy discharge, this can be appropriate in this narrow context. Also, Plaintiff is willing to stipulate to the fact of a discharge. However, the existence of a discharge is not helpful to Defendants in this context.

As explained above, Plaintiff has clearly alleged that the acts at issue here are willful and intentional wrongdoing on the part of Defendants. It is basic hornbook law that claims alleging willful and intentional wrongdoing typically *are not* discharged by bankruptcy *See Kawaauhau v. Geiger*, 523 U.S. 57 (1998); *Panalis v. Moore (In re Moore)*, 357 F.3d 1125, 1127 (10th Cir. 2004); *China Cent. Television v. Bhalla (In re Bhalla)*, 2017 BL 291130, Bankr. M.D. Fla., No. 8:16-ap-285-KRM; *In re Albarran*, BAP No. SC-05-1398-MaSPa (9th Cir., July 24, 2006). Defendants completely ignore this entire area of law, and Defendants make no attempt to establish that they fall within a potential exception.

It is beyond dispute that intentional copyright infringement may not be dischargeable. The same rule has been applied with respect to intentional trademark infringement within the 10th Circuit. *See, e.g., Pharmaceuticals, Inc. v. Whitner (In re Whitner)*, 179 B.R. 699, 703 (Bankr. E.D. Okl. 1995). All of Plaintiffs' claims should therefore survive the Motion.

Defendants could have raised at least a colorable argument had they sought to establish that the allegations of Plaintiff did not meet the applicable legal standard, but they did nothing of the sort. It is noteworthy that Plaintiff raised these issues with counsel for Defendants prior to the

4

Motion being filed, but Defendants failed to even respond. Defendants present no credible basis to rebut the position of Plaintiff.

Defendants' motion under Rule 12 must be denied. In the alternative, Plaintiff requests leave to amend his complaint to the extent that the Court believes additional factual allegations are necessary in order to establish willful and intentional infringement.

### III. APPLICATION TO SUMMARY JUDGMENT ON FAIR USE

There is no way to characterize Defendants' arguments regarding fair use as a motion under Rule 12. Instead, it is a clear attempt to obtain summary judgment. Defendants go well beyond the pleadings, to the point of claiming that they are entitled to judgment as a matter of law based on an affirmative defense that has not yet been asserted. Unfortunately for Defendants, their motion for summary judgment is woefully inadequate.

The most glaring problem for Defendants is that they are attempting to obtain summary judgment on a defense that they have not asserted in this lawsuit. Defendants have not filed an answer, and therefore have no defenses or affirmative defenses on which a summary judgment could be based. It would be improper to grant summary judgment on a defense that is not even before the Court.

Additionally, Defendants prove absolutely nothing. As previously explained, a motion for summary judgment must prove with admissible evidence that there are no material facts for trial. *Liberty Lobby, Inc.*, 477 U.S. at 248. Defendants provide the Court with no evidence *at all* in the Motion, and certainly do not provide clear and admissible evidence to support judgment as a matter of law. Rather, Defendants rely entirely on inadmissible attorney argument. This is inadequate for summary judgment by any standard. There are many other issues with the purported motion for summary judgment, but there does not appear to be any reason to go beyond this fatal flaw.

In the alternative, Plaintiff objects to the summary judgment "evidence" of Defendants. Without limitation, all such evidence is inadmissible hearsay, lacks a proper foundation, and is not based on personal knowledge. This objection is also sufficient by itself to defeat summary judgment.

## **CONCLUSION**

Wherefore, Plaintiff prays that the Court deny the Motion in its entirety and grant his objections to summary judgment evidence for the reasons stated herein. In the alternative, Plaintiff requests that Plaintiff be granted leave to amend his complaint in order to add further details regarding the willful and intentional acts of Defendants. Plaintiff also prays for all other and further relief to which he may be entitled at law or in equity.

Dated: December 27, 2018

Respectfully submitted,

*s/ Grace S. Pusavat*
Julianne P. Blanch, USB #6495
Grace S. Pusavat, USB #15713
Parsons Behle & Latimer
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
JBlanch@parsonsbehle.com
GPusavat@parsonsbehle.com
ecf@parsonsbehle.com


C. Ashley Callahan (*pro hac vice*)
**LAW OFFICES OF C. ASHLEY CALLAHAN, P.C.**
The Haehnel Building
1101 East 11th Street
Austin, TX 78702
Telephone: 512.817.3977
Telecopier: 512.287.3127
acallahan@callahanlawoffices.com


Joshua G. Jones (*pro hac vice*)
**THE LAW OFFICE OF JOSHUA G. JONES**
609 Castle Ridge Road, Ste. 450
Austin, TX 78746
Telephone: 512.552.6123
jjones@jgjoneslaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

*/s/ Grace S. Pusavat*
