IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KEITH F. BELL, PH.D., <br><br> Plaintiff, <br><br> v. <br><br> MAGNA TIMES, LLC, RICHARD ELLIOTT, EMILY GOULD, AND THE MAGNA TIMES, <br><br> Defendants. | ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ENTRY OF DEFAULT <br><br> Case No. 2:18-CV-497 DAK-EJF |

This matter is before the Clerk on Plaintiff's Motion for Entry of Default. Plaintiff seeks entry of default against Defendants Emily Gould and Magna Times, LLC.

Turning first to Defendant Emily Gould, Plaintiff personally served Ms. Gould on September 16, 2018. She has failed to plead or otherwise defend, and the time allowed by law for answering has expired. Accordingly, Plaintiff's Motion (Docket No. 35) is granted in part, and the default of Defendant Emily Gould is hereby entered according to law, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure

Plaintiff's request for default as to Magna Times, LLC is more complicated. There are two Magna Times Defendants: Magna Times, LLC and The Magna Times. Plaintiff purported to serve The Magna Times by serving Emily Gould. However, Plaintiff now seeks entry of default against Magna Times, LLC based on that service. Yet, Magna Times, LLC has filed a motion to dismiss under Rule 12(b)(6).[1]

---

[1] Docket No. 28.

1

Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  As stated, Magna Times, LLC has filed a motion to dismiss under Rule 12(b)(6).  The filing of such a motion is sufficient to "otherwise defend" under Rule 55(a).[2]  As a result, Plaintiff is not entitled to default as to Magna Times, LLC.

To the extent that Plaintiff is actually seeking default against The Magna Times, that request must also be denied.  As set forth above, Plaintiff purported to serve The Magna Times by providing the complaint and summons to Ms. Gould.  According to the Utah Division of Corporations and Commercial Code, Ms. Gould is not the registered agent of The Magna Times.  Nor is there evidence that Ms. Gould has the authority to accept service of process on behalf of The Magna Times.  Thus, Plaintiff has failed to adequately demonstrate that service on The Magna Times was properly effectuated.  Accordingly, Plaintiff's Motion for Entry of Default as to the Magna Times Defendants is DENIED.

DATED this 17th day of April, 2019.

D. MARK JONES, CLERK

By: _____
Anne W. Morgan, Chief Deputy

---

[2] *See Meyer v. Wells Fargo Bank, N.A.*, Case No. 15-12503, 2015 WL 7733454, at *5 (E.D. Mich. Dec. 1, 2015).