# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KEITH F. BELL,<br><br>        Plaintiff,<br><br>vs.<br><br>MAGNA TIMES, LLC, RICHARD ELLIOTT, EMILY GOULD, MAGNA TIMES,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:18CV497DAK<br><br>Judge Dale A. Kimball |

      This matter is before the court on Defendants Richard Elliott and Magna Times, LLC's Motion to Dismiss [Docket No. 28]. The parties have not requested oral argument on the motion. After carefully considering the pleadings and memoranda submitted by the parties, as well as the law and facts relating to the motion, the court issues the following Memorandum Decision and Order.

## BACKGROUND

      On December 20, 2015, the weekly Magna Times newspaper ran an article by reporter Richard Elliott entitled, "Cyprus Ends Football Season With Awards Banquet Last Saturday." In the article, Elliott stated that Coach Smith introduced the theme for the 2016 football season "with a poem by Dr. Keith Bell." The article then proceeded to print the poem, or as referred to by Dr. Bell, the "WIN Passage." Defendants included the article in the weekly printed newspaper and posted it on the newspaper's website, www.magnatimes.com. Bell attached a

copy of the article as it was published and posted to the website as an exhibit to his Amended Complaint.

The "WIN Passage" is a small portion of Bell's successful 1982 book entitled "Winning Isn't Normal." Bell is the sole author of the book and he owns all rights in the work, including the copyright registration. The book is still for sale nationally, and Bell continues to market it and protect it. The book has made Bell internationally known in sports psychology and performance. Bell has a website based on the book at the domain "winningisntnormal.com." He also has a trademark in the word mark "WINNING ISN'T NORMAL," which he uses in connection with various goods and services.

The Magna Times did not notify Bell that it intended to run the WIN Passage and, therefore, did not have his permission to run the passage from the copyrighted work. Two years after the article ran, Bell sent a cease and desist letter to The Magna Times in December 2017. It is unclear from Bell's Complaint whether the article was still on the website in December 2017. However, Bell alleges that the alleged infringement of his copyright and word mark occurred before, during, and after the Magna Times' change in ownership, which happened at the end of 2017.

On July 20, 2018, Bell filed a Complaint in this court against Magna Times LLC, asserting claims for copyright infringement under the federal Copyright Act and trademark infringement under the federal Lanham Act, 15 U.S.C. § 1114(1). On August 30, 2018, Bell filed an Amended Complaint adding Richard Elliott, Emily Gould, and The Magna Times as additional defendants. Bell's Amended Complaint attaches exhibits containing his copyright registration, trademark registration, and the allegedly infringing Magna Times article.

## DISCUSSION

### Defendants' Motion to Dismiss

Defendants Richard Elliot and Magna Times LLC move the court to dismiss Bell's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing (1) that Defendants' use of the WIN Passage in the article is protected from copyright and trademark infringement claims under the fair use doctrine and (2) that Section 727 of the federal Bankruptcy Law precludes Bell's claims against Elliott.

**1. Fair Use Doctrine**

Bell argues that Defendants cannot raise the doctrine of fair use because it is an affirmative defense that must be raised in Defendants' Answer and Defendants filed this motion to dismiss rather than an Answer. Defendants, however, raise the doctrine as part of their assertion that Bell has failed to state a claim upon which relief may be granted. Under Rule 12(b)(6), defenses must be raised as an affirmative defense in a responsive pleading, but a party may assert a failure to state a claim upon which relief can be granted "by motion." Fed. R. Civ. P. 12(b)(6). Bell cites to no case law for his assertion that the fair use doctrine can never be considered in a motion to dismiss.

In *Brownmark Films, LLC v. Codey Partners*, 682 F.3d 687 (7th Cir. 2012), the Seventh Circuit affirmed a district court's granting of a motion to dismiss on fair use grounds because all of the evidence needed to assess the defense was limited to a single act of infringement and that evidence had been provided with the complaint. *Id.* at 690; *see also Cariou v. Prince*, 714 F.3d 694, 705 (2d Cir. 2013) (resolution of fair use on motion to dismiss may be appropriate when the only two pieces of evidence needed to decide the issue are original work and allegedly infringing

3

work). Because fair use is a mixed question of law and fact, *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 560 (1994), it would often be premature to determine fair use at the motion to dismiss stage. While noting this fact, the Ninth Circuit has also recognized that the fair use issue could be considered on a motion to dismiss if no material facts were in dispute. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 530 (9th Cir. 2008).

Therefore, while it may be uncommon, there is no absolute rule preventing a court from considering the fair use issue on a motion to dismiss. Bell could assert that the doctrine of fair use is too fact-specific to lend itself to disposition at the motion to dismiss stage, but that is not the same as making the argument that the fair use doctrine can never be raised in a 12(b)(6) motion to dismiss. Bell makes much of the fact that Defendants have not asserted the affirmative defense because they have not filed an Answer. Defendants filed the 12(b)(6) motion instead of filing an Answer. But, whenever the fair use doctrine is raised on a 12(b)(6) motion to dismiss, it would precede the defendant's assertion of the fair use doctrine as an affirmative defense in the defendant's Answer. While it may have been preferable for Defendants to file an Answer asserting the defense and then moving for judgment on the pleadings, the above cases allowed the issue to be decided on a motion to dismiss.

Moreover, Defendants raise the fair use doctrine as part of their assertion that Bell has failed to state a claim upon which relief can be granted. "In order to prevail on a claim of copyright infringement, the plaintiff must show: (1) ownership of a valid copyright, and (2) copying by the defendant of protected components of the copyrighted material." *Gates Rubber Co. v. Bando Chemical Indus., Ltd.*, 9 F.3d 823, 831 (10th Cir. 1993). Bell's Complaint properly alleges copyright ownership and included a copy of copyright registration, which is "prima facie

4

evidence of the validity of the copyright." *Id.* (citing 17 U.S.C. § 410(c)). Therefore, the only issue on the motion to dismiss is whether Defendants unlawfully appropriated protected portions of the copyrighted work, which involves two separate inquiries: "1) whether the defendant, as a factual matter, copied portions of the plaintiff's [work]; and 2) whether, as a mixed issue of fact and law, those elements of the [work] that have been copied are protected expression and of such importance to the copied work that the appropriation is actionable." *Id.* The fair use doctrine would come under the second prong of determining whether the appropriation of the copied work is actionable.

Similarly, under the Lanham Act, "the holder of a registered mark . . . has a civil action against anyone employing an imitation of it in commerce when 'such use is likely to cause confusion, or to cause mistake or to deceive.'" *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 117 (2004) (quoting 15 U.S.C. § 1114(1)(a)). In *KP Permanent Make-Up*, the Court held that the "burden of proving the likelihood of confusion (that is, infringement) [is] on the party charging infringement" as part of it prima facie case, not the party asserting fair use. 543 U.S. at 118, 124. Therefore, under both the copyright and trademark claims, Defendants can raise the fair use issue as a part of their motion to dismiss for failure to state a claim.

In a related argument, Bell contends that Defendants have turned their motion to dismiss into a motion for summary judgment because Defendants' fair use arguments "go well beyond the pleadings." A court must convert a 12(b)(6) motion to dismiss into a motion for summary judgment if the court considers matters outside the pleadings. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). However, the court can properly

5

consider an exhibit attached to the complaint on a motion to dismiss without converting the motion into a summary judgment motion if the exhibit is "central to the plaintiff's claim and the parties do not dispute the document's authenticity." *Brokers' Choice of America, Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1105 (10th Cir. 2017); *see also GFF Corp.,*130 F.3d at 1384-85.

In this case, Bell attached the allegedly infringing article to his Amended Complaint. It is the central focus of his claims and neither party disputes its authenticity. The article is also central to Defendants' fair use argument. Defendants assert that Bell's WIN passage was included in the article reporting on the football team banquet because, as the article states, the high school football coach quoted it at the banquet as a theme for the next year's football season. Bell has not pointed to anything Defendants asserted in connection with their fair use argument that is based on matters outside of what the article itself states. Therefore, the court finds that there is no basis for converting Defendants' motion to dismiss into a motion for summary judgment.

Bell further argues that Defendants prove nothing and do not provide clear and admissible evidence to support judgment as a matter of law. However, as stated above, the court can consider the contents of the exhibits attached to the complaint. "When a complaint includes an attached exhibit '[the exhibit's] legal effect is to be determined by its terms rather than by the allegations of the pleader." *Brokers' Choice*, 861 F.3d at 1105 (quoting *Droppelman v. Horsley*, 372 F.2d 249, 250 (10th Cir. 1967). "This means that, although we accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff, if there is a conflict between the allegations in the complaint and the content of the attached exhibit, the exhibit controls." *Id.*; *see also Jacobsen v. Deseret Book Co.*, 287 F.3d 936, (10th Cir. 2002) ("[I]n

deciding a 12(b)(6) motion, the legal effect of the [attached documents] are determined by the [documents] themselves rather than by the allegations in the complaint.").

This is not a case where the parties are disputing whether the allegedly infringing portion of the article is similar enough to the original to be infringing. Neither party is asking the court to compare the original work and the article. Rather, Defendants argue that the fair use doctrine precludes a finding of infringement because the article was merely reporting on a football team banquet and included a quote from the local high school coach, who was using Mr. Bell's work as the team theme.

   A. Copyright Act

Under the Copyright Act, "the fair use of a copyrighted work . . . for purposes such as criticism, comment, news reporting, teaching . . . scholarship, or research, is not an infringement of copyright." 17 U.S.C. § 107. The Copyright Act then lists four factors a court must consider in determining whether a particular use is a "fair use":

> (1) the purpose and character of the use, including whether such
> use is of commercial nature or is for nonprofit education purposes;
> (2) the nature of the copyrighted work;
> (3) the amount and substantiality of the portion used in relation to
> the copyrighted work as a whole; and
> (4) the effect of the use upon the potential market for or value of
> the copyrighted work.

*Id.* "The factors enumerated in the section are not meant to be exclusive: "[S]ince the doctrine is an equitable rule of reason, no generally applicable definition is possible, and each case raising the question must be decided on its own facts." *Harper & Row Publishers, Inc. v. Nation Enters.,* 471 U.S. 539, 560 (1985). In considering the fair use doctrine on a case-by-case basis, courts consider all four statutory factors, weighing them together rather than treating them in

isolation. *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577-78 (1994).

"Fair use is a mixed question of law and fact." *Harper & Row*, 471 U.S. at 560. Because Bell considers the motion to dismiss an improper motion for summary judgment, he fails to address any of the factors of the fair use doctrine raised in Defendants' motion to dismiss. However, the question presented by Defendants' motion to dismiss is whether accepting all the facts alleged in the Amended Complaint as true, the fair use doctrine applies. Bell does not state what potential facts exist to be discovered that would require the court to decide the issue on a motion for summary judgment and prevent the court from deciding the issue on a motion to dismiss. The parties agree that the article was printed in a local weekly newspaper and posted on the newspaper's website as alleged in the Amended Complaint. The content of the article is attached to the Complaint and not disputed. Also, the fact that the article contained a quote from Bell's full-length copyrighted book is not disputed. Although Bell takes issue with Defendants' counsel making arguments based on the facts alleged in the Complaint and the content of the article, Bell does not argue that any of the facts are disputed.

In this case, Elliott used a quote from the local coach, who stated that he was quoting from Bell as a part of his news reporting on the football team's banquet. Therefore the purpose of his use was news reporting. "News reporting is one of the examples enumerated in § 107 to 'give some idea of the sort of activities the courts might regard as fair use under the circumstances.'" *Id.* at 561.

"The fact that an article arguably is 'news' and therefore a productive use is simply one factor in a fair use analysis." *Id.* (finding court of appeals "correctly identified news reporting as the general purpose of the [defendant's] use.") In *Harper & Row*, the court looked at the

8

commercial nature of the reporting in the context of a publication that was "knowingly exploit[ing] a purloined manuscript" and intending to "scoop the forthcoming hardcover" with "the purpose of supplanting the copyright holder's commercially valuable right of first publication." *Id.* at 562-63. There is no allegation in this case that there was any kind of similar commercial calculation. The context of the quote within the article is relevant under this factor–the football coach was using the quote as a theme for the football team's next season. There is no allegation that the football coach's use of the quote was anything but fair use in the education of his student athletes. The news reporting of that fair use was similarly not attempting to capitalize on the quote.

Bell describes the nature of the copyrighted work in his Amended Complaint as a widely published and successful sports psychology book, published in 1982. The *Harper & Row* Court acknowledged that "briefer quotes from the memoirs are arguably necessary adequately to convey the facts." *Id.* at 563. "While even substantial quotations might qualify as fair use in a review of a published work or a news account of a speech that had been delivered to the public or disseminated to the press." *Id.* at 564. Even if the article could be considered to have a substantial size quotation from the book, it is just a small portion of a much more substantial work that has been widely published for over thirty-five years. This factor, therefore, weighs in favor of fair use.

Next, the court must consider the amount and substantiality of the portion used in relation to the copyrighted work as a whole. While the copyrighted work is a full-length book, the coach took a small section, which the article referred to as a "poem by Dr. Keith Bell." Bell does not allege that the poem-size portion provided in the article is the heart of the book or qualitatively

9

substantial. He alleges only that the publication was made without authorization. Clearly not every quote from every book used in a news report must have authorization. Because the Magna Times article was only a small section of a much larger book, this factor also weighs in favor of fair use.

The final fair use factor the court must consider is "the effect of the use upon the potential market for or value of the copyrighted work." 15 U.S.C. § 107. Bell's Amended Complaint does not allege that the article materially impaired the marketability of the work, only that readers of the newspaper and website say a quote form his book. Bell's allegations against Defendants focus almost solely on the lack of authorization. Bell also alleges that the publication was made "without attribution to Dr. Bell." Am. Compl. ¶ 28. But the article, attached as Exhibit D to the Amended Complaint, clearly attributes the quoted material as a "poem by Dr. Keith Bell." The article, therefore, controls over Bell's allegations. Because the quote was attributed to Bell, readers of the article were capable of searching and finding his book and other products. If anything, the small portion of the book quoted in the article acted as an advertisement of Bell's full-length work. Bell did not allege that he suffered a decline in requests for licenses or assignments of his book after the article appeared. Moreover, Defendants did not need to obtain a license from Bell or pay him some sort of remuneration if their news reporting qualified as fair use. Bell cannot claim that his failure to obtain a license fee from Defendants alone is the type of financial injury that would qualify under this factor. Defendants rightly argue in their motion to dismiss that Bell fails to allege that Defendants intended to cause Bell injury or that Bell even had an injury. Given the lack of any allegation that the quote negatively effected the potential market for or value of the copyrighted work, this factor also favors Defendants.

Weighing each of the factors for determining fair use, the court concludes that the fair use doctrine applies. Accordingly, the court grants Defendants' motion to dismiss Bell's copyright infringement cause of action for failure to state a claim on which relief can be granted.

B. Lanham Act

Bell also alleges a trademark infringement cause of action against Defendants' for allegedly infringing his word mark for WINNING ISN'T NORMAL in relation to Defendants' publication of the article. Defendants' motion to dismiss raises a fair use defense argument as to the trademark infringement claim as well. Although Defendants cited to the Copyright Act's fair use provisions as a basis for dismissing both claims, the Lanham Act has its own fair use statutory defense for trademark infringement claims. 15 U.S.C. § 1115(b)(4).

"Trademark infringement is a type of unfair competition." *Utah Lighthouse Ministry v. Foundation for Apologetic Info. and Research*, 527 F.3d 1045, 1050 (10th Cir. 2008). To state a claim for trademark infringement, Bell must show that "Defendants used the mark 'in connection with any goods and services,'" and that "Defendants' use 'is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person.'" *Id.* (quoting 15 U.S.C. § 1125(a)(1)). "The Lanham Act is intended 'to protect the ability of consumers to distinguish among competing producers,' not to prevent all unauthorized uses." *Id.* at 1052. Thus, the Lanham Act specifically provides an affirmative defense of fair use to a party whose "use of the name, term, or device charged to be an infringement is a use, otherwise than as a mark, . . . of a term or device which is descriptive of and used fairly and in good faith only to describe the goods or services of such party." 15

11

U.S.C. § 1115(b)(4).

Bell's trademark infringement cause of action alleges that Defendants' publication and post lacked Bell's name "and some readers are likely to be confused so as to infer that the text shown in the post was originated by the Defendants," rather than Bell. Am. Compl. ¶ 46. Therefore, Defendants "have infringed [Bell]'s right to be identified and distinguished from others." *Id.* ¶ 47. However, the article, attached to Plaintiff's Amended Complaint as Exhibit D, identifies the winning isn't normal quotes to "Dr. Keith Bell." Therefore, not only is the use of the terms "winning isn't normal" in the quotation merely descriptive of Bell's goods under the fair use doctrine, Defendants correctly argue that Bell's Amended Complaint fails on its face for failure to state a claim upon which relief may be granted. In *KP Permanent Make-Up*, the Court held that the "burden of proving the likelihood of confusion (that is, infringement) [is] on the party charging infringement" as part of it prima facie case, not the party asserting fair use. 543 U.S. at 118, 124. Accordingly, the court grants Defendants' motion to dismiss Bell's trademark infringement cause of action.

Because the court has dismissed both of Bell's claims for failure to state a claim and the fair use doctrine, the court does not address Defendant Elliott's separate argument for dismissal under the Bankruptcy Act's discharge provision. In response to Defendants' bankruptcy discharge arguments, Bell requested leave to amend his complaint to the extent the court believed additional factual allegations are necessary in order to establish willful and intentional infringement. The court notes that such a request in a brief is improper under Local Rule 7-1(b)(1), which states that motions are not to be made in response memoranda. DUCivR 7-1(b)(1). "Such motions must be made in a separate document." *Id.* Moreover, Bell simply asks

for leave, he makes no application as to the facts and law as to how or why amendment would be appropriate. Nevertheless, the issue is moot given the court's decision of the motion on Defendants' fair use arguments. Bell did not make any kind of request for leave to amend with respect to Defendants' fair use arguments. Therefore, the court grants Defendants' motion to dismiss and dismisses Bell's Amended Complaint with prejudice.

## CONCLUSION

Based on the above reasoning, Defendants' motion to dismiss [Docket No. 28] is GRANTED and Bell's Amended Complaint is dismissed with prejudice.

DATED this 29th day of April, 2019.

BY THE COURT:

_____
DALE A. KIMBALL,
UNITED STATES DISTRICT JUDGE