# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KEITH F. BELL, PH.D.,<br><br>      Plaintiff,<br><br>vs.<br><br>MAGNA TIMES, RICHARD ELLIOT, EMILY GOULD, THE MAGNA TIMES,<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:18CV497DAK<br><br>Judge Dale A. Kimball |

  This matter is before the court on Defendant Emily Gould's Motion to Set Aside [ECF No. 47]. On June 20, 2018, Plaintiff Keith F. Bell filed a Complaint and obtained an electronic summons. On September 17, 2018, Plaintiff filed his return of service indicating that a process server personally served Emily Gould at her home on September 16, 2018. Six months later, on March 13, 2019, because Gould had failed to file an Answer or otherwise respond to the Complaint, Plaintiff filed a request for entry of default with the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(a). The Clerk of Court entered a default certificate against Gould on April 18, 2019. Plaintiff did not then move for default judgment against Gould.

  Under this District's Rules of Practice, DUCivR 55-1(b), "[i]f a party obtains a certificate of default but does not, within a reasonable time thereafter, file a motion for default judgment, the court may direct the party to show cause why the claims upon which default was entered should not be dismissed for failure to prosecute." Pursuant to this local rule of practice, on January 13, 2020, the court issued an Order to Show Cause why the case should not be dismissed

for failure to prosecute because there had been no activity in the case since the Clerk of Court's entry of default certificate and the court's issuance of an April 29, 2019 Memorandum Decision and Order dismissing two of the other parties.[1]

In response to the court's Order to Show Cause, Plaintiff's counsel moved to withdraw based on a lack of communication with Plaintiff, and the court granted counsel's request. On February 6, 2020, Plaintiff filed a *Pro Se* Appearance indicating that he would be representing himself in this action. Because there was no response to the court's Order to Show Cause, the court issued another Order to Show Cause on February 10, 2020, asking Plaintiff to respond as to why the case should not be dismissed for failure to prosecute.

On February 11, 2020, Gould filed a *pro se* Motion to Set Aside the Default Certificate. Gould's Motion to Set Aside states that it is a motion to set aside a judgment. However, the court never entered default judgment against her under Federal Rule of Civil Procedure 55(b). The Clerk of Court merely entered a Default Certificate under Rule 55(a). Obtaining a default judgment is a two-step process, and Plaintiff only completed the first step.

Under Rule 55(c) of the Federal Rules of Civil Procedure, a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The good cause requirement under Rule 55(c) is a lower standard than what is required to set aside a default judgment. *Polanski v. Colo. Dep't of Transp.*, 198 Fed. Appx. 684, 685 (10th Cir. 2006). "The principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default

---

[1] The Clerk of Court denied the entry of a default certificate against The Magna Times because there was no evidence that the entity had been properly served. The time for properly serving that entity has passed.

2

should be set aside, and (3) whether the defendant presented a meritorious defense." *Hunt v. Ford Motor Co.*, 65 F.3d 178, *3 (10th Cir. 1995) (unpublished opinion). "These factors are not 'talismanic' and the court may consider other factors." *Id.*

"Generally a party's conduct will be considered culpable only if the party defaulted willfully or has no excuse for a default." *Id.* As a *pro se* Defendant, who the court assumes to be unfamiliar with the process, the court does not find Gould's behavior to rise to the level of culpable conduct. And, most significantly, Gould presents defenses to Plaintiff's Complaint regarding her lack of connection with the newspaper at the time of the alleged infringement that can and should be reviewed on their merits.[2] In addition, the court has already ruled that the alleged infringement was not actionable when it issued its April 29, 2019 Memorandum Decision and Order granting Richard Elliot and Magna Times LLC's Motion to Dismiss for Failure to State of Claim. While the court does not determine the merits of the claimed defenses at this stage, courts generally prefer to resolve disputes on their merits, if possible. *See Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990). Plaintiff is not prejudiced by resolving the case on its merits, especially given Plaintiff's failure to prosecute the action since the Clerk of Court's entry of the Default Certificate against Gould. Accordingly, the court concludes that Gould has presented good cause for setting aside the default certificate.

For these reasons, the court grants Gould's Motion to Set Aside [ECF No. 47] and sets

---

[2] Gould also argues that Plaintiff did not personally serve her with the Complaint and Summons. However, Plaintiff appropriately used a process server to serve the papers and filed his Return of Service with the court. [ECF No. 18]. A Plaintiff is not required to personally complete the service. The term "personal" in the service context means that the Defendant or a competent adult at the Defendant's residence received the papers in person.

aside the Clerk of Court's Entry of Default. Gould shall file an Answer or Motion to Dismiss Plaintiff's Complaint within ten days of the date of this Order. Given these developments in the case, Plaintiff need not respond to the court's February 10, 2020, Order to Show Cause regarding failure to prosecute.

DATED this 12th day of February, 2020.

BY THE COURT:

DALE A. KIMBALL
United States District Judge