IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KEITH F. BELL,<br><br>       Plaintiff,<br><br>vs.<br><br>MAGNA TIMES, LLC, RICHARD ELLIOTT, EMILY GOULD, MAGNA TIMES,<br><br>       Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:18CV497DAK<br><br>Judge Dale A. Kimball |

    This matter is before the court on Defendant Emily Gould's Motion to Dismiss Complaint [Docket No. 51]. Defendant's motion was filed February 21, 2020. Plaintiff's deadline for filing a response to the motion was March 20, 2020. However, as of the date of this order, Plaintiff has not filed an opposition. Because Plaintiff has not requested an extension of time to respond to the motion, the court takes the motion under advisement as fully briefed and issues the following Memorandum Decision and Order.

## BACKGROUND

    On December 20, 2015, the weekly Magna Times newspaper ran an article by reporter Richard Elliott entitled, "Cyprus Ends Football Season With Awards Banquet Last Saturday." In the article, Elliott stated that Coach Smith introduced the theme for the 2016 football season "with a poem by Dr. Keith Bell." The article then included the poem, or as referred to by Dr. Bell, the "WIN Passage." This article was in the weekly printed newspaper and on the

newspaper's website, www.magnatimes.com. Bell attached a copy of the article as it was published and posted to the website as an exhibit to his Amended Complaint.

The "WIN Passage" is a small portion of Bell's successful 1982 book entitled "Winning Isn't Normal." Bell is the sole author of the book and he owns all rights in the work, including the copyright registration. The book is still for sale nationally, and Bell continues to market it and protect it. The book has made Bell internationally known in sports psychology and performance. Bell has a website based on the book at the domain "winningisntnormal.com." He also has a trademark in the word mark "WINNING ISN'T NORMAL," which he uses in connection with various goods and services.

The Magna Times did not notify Bell that it intended to run the WIN Passage and, therefore, did not have his permission to run the passage from the copyrighted work. Two years after the article ran, in December 2017, Bell sent a cease and desist letter to The Magna Times. It is unclear from Bell's Complaint whether the article was still on the website in December 2017. However, Bell alleges that the alleged infringement of his copyright and word mark occurred before, during, and after the Magna Times' change in ownership, which happened at the end of 2017.

On July 20, 2018, Bell filed a Complaint in this court against Magna Times LLC, asserting claims for copyright infringement under the federal Copyright Act and trademark infringement under the federal Lanham Act, 15 U.S.C. § 1114(1). On August 30, 2018, Bell filed an Amended Complaint adding Richard Elliott, Emily Gould, and The Magna Times as additional defendants. Bell's Amended Complaint attaches exhibits containing his copyright registration, trademark registration, and the allegedly infringing Magna Times article.

On November 29, 2018, Defendants Richard Elliot and Magna Times, LLC filed a motion to dismiss.  On March 13, 2019, Plaintiff filed a motion for entry of default against Emily Gould and Magna Times, LLC.  On April 18, 2019, the Clerk of Court entered a default certificate against Emily Gould but found that Magna Times LLC was not in default because it had properly filed a motion to dismiss and The Magna Times had not been properly served with the Complaint.  On April 29, 2019, the court granted Defendants Magna Times LLC and Richard Elliot's Motion to Dismiss.

Because Bell did not move for default judgment against Emily Gould, the court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute.  In response to the court's Order, Defendant Emily Gould filed a Motion to Set Aside Default, which the court granted.  Defendant Emily Gould then filed the current Motion to Dismiss.

## DISCUSSION

### Defendants' Motion to Dismiss

Defendant Emily Gould moves to dismiss Bell's Amended Complaint on the grounds that she had no involvement with the newspaper at the time article ran.  Although the Amended Complaint states that Gould is the current owner and operator of The Magna Times Newspaper, Gould states that she was a volunteer reporter and editor of the newspaper after the alleged article ran in the newspaper and that she has never legally owned the newspaper.

Regardless of the dispute regarding ownership of the newspaper, the court has already ruled that, accepting all of the facts pled in the Amended Complaint as true, Defendants' use of the WIN Passage in the article is protected from copyright and trademark infringement claims under the fair use doctrine and Bell's Amended Complaint fails to state a claim upon which relief

3

may be granted.

As explained in the court's previous order, the purpose of quoting the passage was news reporting, which is one of the examples enumerated in the Copyright Act as fair use. There is no allegation in this case that there was any kind of commercial calculation made in quoting the passage. The WIN passage was included in the article reporting on the football team banquet because, as the article states, the high school football coach quoted it at the banquet as a theme for the next year's football season. There is no allegation that the football coach's use of the quote was anything but fair use in the education of his student athletes. The news reporting of that fair use was similarly not attempting to capitalize on the quote. The article quoted a small portion of a much more substantial work that has been widely published for over thirty-five years. Bell's Amended Complaint does not allege that the article materially impaired the marketability of the work. Bell's allegations against Defendants focus almost solely on the lack of authorization. But the article attributed the quoted material to Dr. Keith Bell and because the quote was attributed to Bell, readers of the article were capable of searching and finding his book and other products. Bell did not allege that he suffered a decline in requests for licenses or assignments of his book after the article appeared. Defendants did not need to obtain a license from Bell or pay him some sort of remuneration if their news reporting qualified as fair use. Moreover, Bell's Amended Complaint fails to allege that Defendants intended to cause Bell injury or that Bell even had an injury.

The court also previously dismissed Plaintiff's claims under the Lanham Act. To state a claim for trademark infringement under the Lanham Act, Bell was required to show that Defendants used the mark "in connection with any goods and services," and that Defendants' use

"is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." 15 U.S.C. § 1125(a)(1). However, the article, attached to Plaintiff's Amended Complaint as Exhibit D, attributes the quote to "Dr. Keith Bell." Therefore, Defendants' use of the terms "winning isn't normal" in the quotation is merely descriptive of Bell's goods under the fair use doctrine and Bell's Amended Complaint fails on its face for failure to state a claim upon which relief may be granted.

Because the court previously found the use of the passage in the article to be fair use under the Copyright Act and the Lanham Act, there can be no claim against Defendant Gould on these causes of action. The court need not determine the factual dispute of whether Gould ever legally owned the newspaper or was involved with the paper at the time the article was available to the public. These issues are moot given the court's decision on the fair use arguments. Therefore, the court grants Defendant Gould's motion to dismiss and dismisses Bell's Amended Complaint with prejudice.

## CONCLUSION

Based on the above reasoning, Defendant Gould's motion to dismiss [Docket No. 51] is GRANTED and the Amended Complaint is dismissed with prejudice. Because the court the entity "The Magna Times" was never properly served, this ruling closes the case.

DATED this 7th day of April, 2020.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge